UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL LEECH, JR., as Personal Representative of the Estate of Michael Jay Leech, Sr., Deceased, and DEBBIE MARSHALL, as Court-Appointed Conservator of the Estate of and Next Friend of A.L., a Minor, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL INTERSTATE INSURANCE COMPANY, INTACT INSURANCE COMPANY, ECONOMICAL MUTUAL INSURANCE COMPANY, KAMALJEET SANGRA, and J&R LOGISTICS, INC., <br><br> Defendants. | No. 2:17-cv-0508-WTL-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on *Economical Mutual Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment*. [Dkt. 59.] Defendant Economical Mutual Insurance Company ("Economical") seeks an order dismissing Plaintiffs' Amended Complaint [Dkt. 22] for lack of personal jurisdiction. On July 16, 2018, District Judge William T. Lawrence designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 89.] For the reasons set below, the Magistrate Judge recommends that Economical's Motion be **DENIED**.

1

## I. Background

The following facts are not necessarily objectively true. But as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all reasonable inferences in favor of the Plaintiffs as the non-moving parties. *See Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On December 29, 2016, Kamaljeet Sangra was transporting goods by semi-tractor trailer in his capacity as a driver for J&R Logistics, Inc. ("J&R"). [Dkt. 22 at 2.] While transporting these goods, he drove in the wrong direction in the north-bound lanes of Indiana State Road 63 near Cayuga, Indiana. *Id.* By driving south in the north-bound lanes, Sangra negligently caused a head-on collision with a vehicle operated by Michael Jay Leech, Sr., who was properly driving north in the north-bound lanes. *Id.* As a result of the collision, Leech, Sr., died, and A.L., a minor who was also in the vehicle, sustained personal injuries. *Id.*

According to Plaintiffs, there are three insurance companies involved, all of whom insured J&R and, by extension, Sangra. National Interstate Insurance Company ("NIIC") is an insurance company organized under the laws of Ohio and is registered to do business in Indiana. [Dkt. 26 at 1.] Intact Insurance Company ("Intact") is a Canadian insurance company organized under the laws of Ontario, Canada. [Dkt. 26 at 1.] Economical is an insurance company organized under the laws of Waterloo, Ontario, Canada. [Dkt. 22 at 1.] Plaintiff Michael Jay Leech, Jr., as the Personal Representative of the Estate of Michael Jay Leech, Sr., brings this action seeking a court order declaring which Defendant insurance company has primary coverage for the automobile accident and which Defendant insurance company has secondary coverage. [Dkt. 22 at 3, ¶ 14.] Plaintiff Michael Jay Leech, Jr., has asserted negligence and wrongful death claims against Sangra and J&R in a state court action for damages resulting from

the motor vehicle accident. [Dkt. 29.] Similarly, Plaintiff Debbie Marshall has asserted in state court negligence claims on behalf of A.L. against Sangra and J&R for damages resulting from the accident. [Dkt. 30.]

## II. Procedural History

Michael Leech, Jr., as personal representative of the Estate of Michael Jay Leech, Sr., brought suit in Vermillion County state court against Intact, NIIC, J&R, and Sangra. [Dkt. 1-2 at 1.] Intact and NIIC removed the case to federal court [*see* Dkt. 1] and properly pleaded subject matter jurisdiction pursuant to the Court's Order regarding their jurisdictional allegations [Dkt. 88]. Plaintiff Leech, Jr., moved to amend his initial Complaint in order to add Economical as a defendant in the case. [*Amended Complaint*, Dkt. 22.] Intact moved to join Debbie Marshall as an additional Plaintiff pursuant to Rule 19 of the Fed. R. Civ. P. [Dkt. 27.] Debbie Marshall, as the Conservator of the Estate of and Next Friend of A.L., had brought a negligence action arising out of the same incident involving Sangra and Leech, Sr., on behalf of A.L., a minor. [Dkt. 27 at 30.] The Court granted Intact's joinder motion [Dkt. 47].

Economical has now moved to be dismissed as a party, asserting that this Court lacks personal jurisdiction over Economical. [Dkt. 59.] In support of its motion, Economical asserts that it is domiciled and has its principal place of business in Waterloo, Ontario, Canada. [Dkt. 60 at 2; Dkt. 60-1 at 1.] Economical further asserts that it has not "maintained an office in Indiana, maintained a registered agent in Indiana, conducted print, radio, or television advertisement in Indiana, or owed or had to pay taxes in Indiana" and also is not "authorized to do business in Indiana." [Dkt. 60 at 2.] Therefore, according to Economical, this Court may not exercise either general or specific jurisdiction over Economical in this case.

### III. Legal Standard

A motion to dismiss under Rule 12(b)(2) is a pre-answer motion asserted by defendants who wish to challenge a district court's exercise of personal jurisdiction over the defendant as a party. Typically for a Rule 12(b) motion to dismiss, a court must "accept all well-pleaded allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). However, a court ruling on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction "must decide whether any material facts are in dispute." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). If there any material facts are in dispute and if the court rules on the motion based on written materials and affidavits submitted rather than on an evidentiary hearing, then the plaintiff must make out a prima facie case of proper personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Under the prima facie standard, "the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Id.* at 783.

### IV. Discussion

Because this is a case removed to federal court based on diversity jurisdiction [*see* Dkt. 6], this Court may only exercise personal jurisdiction over Economical if a state court in Indiana would have jurisdiction over Economical as well. *Purdue Research Found.*, 338 F.3d at 779; *see also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."). This requires a two-step inquiry. First, the Court must determine whether Indiana's long-arm statute, Indiana Trial Rule 4.4(A), subjects Economical to *in personam* jurisdiction. *Id.* Second, the Court must determine "whether

the exercise of jurisdiction over [Economical] comports with the requirements of federal due process." *Id.* Whether this Court's exercise of personal jurisdiction over Economical comports with the requirements of federal due process requires an analysis of both general jurisdiction and specific jurisdiction. *Hyatt Int'l Corp.*, 302 F.3d at 713. If the Court determines that Indiana's long-arm statute reaches Economical and that Economical is subject to either general or specific jurisdiction, then this Court may exercise personal jurisdiction over Economical, and the Motion must be denied.

### A. Indiana's Long-Arm Statute

Indiana's long-arm statute, codified in Indiana Trial Rule 4.4, governs the jurisdiction of courts within Indiana over anyone who is "a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown." Plaintiff Debbie Marshall specifically points to Indiana Trial Rule 4.4(A)(1), (4), and (6), which state that such nonresidents submit to the jurisdiction of Indiana courts "as to any action arising from the following acts committed by him or her or his or her agent":

> (1) doing any business in this state;
> . . .
> (4) having supplied or contracted to supply services rendered or to be rendered or goods or materials furnished or to be furnished in this state;
> . . . [or]
> (6) contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made[.]

In addition, Indiana Trial Rule 4.4(A) states that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." The Indiana Supreme Court's interpretation of the state's long-arm statute facilitates the analysis. The statute "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v.*

5

*Cox*, 857 N.E.2d 961, 967 (Ind. 2006). Therefore, the only determination that must be made is whether this Court's exercise of personal jurisdiction over Economical violates the Due Process Clause.

> **B.** **General Jurisdiction**

With both general and specific jurisdiction, a defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). A corporate defendant's contacts are deemed to be sufficient for general jurisdiction purposes if it is incorporated in that state or if it has its principal place of business in that state. *Dailer AG v. Bauman*, 571 U.S. 117, 137 (2014). In addition, if a corporate defendant's contacts with a state are so "'continuous and systematic' as to render them essentially at home in the forum State," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.,* 326 U.S. at 317), then a court may constitutionally "justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co.*, 326 U.S. at 318. This means that if Economical is subject to general jurisdiction in Indiana, "it can be sued for essentially any cause of action in [Indiana]." *Martin v. Maurer*, No. 1:15-cv-01471-RLY-MJD, 2016 WL 3198117, at *2 (S.D. Ind. Feb. 3, 2016).

In the present case, Economical has presented affidavits to show that it is neither incorporated in Indiana nor is its principal place of business in Indiana. [*See* Dkt. 60-1, Dkt. 60-2.] It is uncontested that Economical is based out of Canada and is organized under Canadian law. [*See Amended Complaint*, Dkt. 22 at 1; *Economical Mutual Insurance Company's Brief Support Motion Dismiss Plaintiff's Amended Complaint for Declaratory Judgment*, Dkt. 60 at 2.]

6

Neither are Economical's contacts with Indiana so "'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 317). The affidavits show that Economical has little contact within Indiana outside of the insurance policy issued to Sangra and J&R. [*See* Dkt. 60-1 (stating that Economical has not maintained an office in Indiana, maintained a registered agent in Indiana, conducted print, radio, or television advertisement directed to Indiana, owned or leased real or personal property in Indiana, or paid any taxes in Indiana); Dkt. 60-2 (stating that none of Economical's representatives have traveled to Indiana, conducted any activities in Indiana for reasons related to J&R's insurance policy, or have sent to or received from Indiana any policy-related communications).] In response, Plaintiffs state that Economical has "purchase[d] some goods and/or services from the United States" and maintains a website that it accessible to persons located in the United States. [Dkt. 77 at 5.] Plaintiffs also state that Economical has filed lawsuits in the United States in the past ten years [Dkt. 77 at 5] and that Economical's business model relies on issuing insurance policies to trucking companies involved in interstate commerce in the United States [Dkt. 77 at 2]. "The threshold for general jurisdiction is quite high," and the facts here do not support a finding that Economical has enough contacts with Indiana for this Court to consider Economical essentially at home in Indiana. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Aside from the written materials and affidavits that do not support a finding of general jurisdiction, Plaintiff Michael Jay Leech, Jr., recognizes that general jurisdiction in Indiana likely does not apply to Economical and consequently spends the entirety of his brief addressing specific jurisdiction. [Dkt. 77.] Similarly, Plaintiff Debbie Marshall, although not specifically distinguishing between general and specific jurisdiction, argues for this Court's exercise of

personal jurisdiction by addressing Economical's contacts in Indiana arising out of the underlying action, which points to an argument for specific jurisdiction rather than general jurisdiction. [Dkt. 80.] Consequently, Plaintiffs fail to make a prima facie case for general jurisdiction.

### C. Specific Jurisdiction

As both Plaintiffs' and Economical's briefs recognize, a determination based on specific jurisdiction is the more appropriate analysis in this case because the underlying cause of action "arise[s] out of" the collective Defendants' activities in Indiana. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Like general jurisdiction, a finding of specific jurisdiction requires first that the defendant have "certain minimum contacts with [the forum state]." *Int'l Shoe Co.*, 326 U.S. at 316. Minimum contacts are established for the purposes of specific jurisdiction "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, these minimum contacts must "comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause." *Id.* (citing *Int'l Shoe Co.*, 326 U.S at 316).

#### 1. Minimum Contacts

The minimum contacts analysis in this case is different for the various defendants. While Plaintiff Debbie Marshall brings negligence claims against Sangra and J&R for their role in the vehicular collision, Plaintiff Michael Jay Leech, Jr., seeks to have the Court determine the

8

maximum policy coverage payout for Sangra and J&R and which Defendant insurance company is liable for that coverage.

While Sangra and J&R are being haled into court for their role in the vehicular collision, Economical is being haled into court as one of the Defendant insurance companies. If this Court can properly exercise personal jurisdiction over Economical, the exercise of jurisdiction must be in relation to the claims brought against it. In this case, Plaintiffs ask the Court to reject Economical's Motion to Dismiss because Economical must be a party to this action if a proper adjudication of insurance liability arising from the automobile accident is to be determined.

As this Court has noted in the past, "[t]he minimum contact analysis is different depending upon the types of claims alleged." *Martin*, 2016 WL 3198117, at *4. Depending on the type of claim brought, the minimum contact analysis turns on whether the defendant "has purposefully directed his activities at the forum state" or whether the defendant has "purposefully availed himself of the privilege of conducting business in that state." *Tamburo*, 601 F.3d at 702. In cases of intentional torts, the Court looks at whether the defendant's actions as they relate to the suit were purposefully directed at the forum state. *See Martin*, 2016 WL 3198117, at *4 ("In cases such as this one involving an intentional tort, however, the inquiry focuses on whether the conduct underlying the claims was *purposely directed* at the forum state."). However, for breach of contract claims, "personal jurisdiction . . . generally turns on whether the defendant purposefully availed himself of the privilege of conducting business in the forum state." *Felland*, 682 F.3d at 674. While the present case does not involve any breach of contract claims, a finding of personal jurisdiction over Economical would arise out of the insurance policy it issued to J&R and its employee Sangra since the policy is a type of contract.

9

In their briefs in opposition, both Plaintiffs assert that Economical could foresee being haled into court in Indiana. [*See* Dkt. 77 at 2; Dkt. 80 at 4.] Plaintiff Debbie Marshall cites *Eli Lilly & Co. v. Home Ins. Co.*, 794 F.2d 710, 721 (D.C. Cir. 1986), in support of her personal jurisdiction claims:

> The commercial interest of the insurer in knowing of the contacts of its insured with the forum state provides the rationale for the rule that an insurer should foresee being sued in a jurisdiction where its insured has substantial contacts. . . . In this case there can be no question but that Eli Lilly's insurers were aware of the nation-wide scope of Lilly's product distribution. They cannot now claim that it was somehow unforeseeable that they would be haled into court in a jurisdiction where Lilly would likely be subject to suit.

In response, Economical points out that "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." [Dkt. 84 at 5 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).] Economical claims that it has not "purposefully availed" itself of the privilege of conducting business in Indiana as contemplated by the Supreme Court in cases like *Hanson v. Deckla* and *Burger King Corp. v. Rudzewicz*. Economical asserts that Plaintiffs fail the first part of a specific jurisdiction finding because it believes that Plaintiffs cannot establish that Economical has the requisite minimum contacts with Indiana.

Economical is correct in asserting that foreseeability alone has never been enough to establish the requisite minimum contacts since the Supreme Court has stated such on several occasions. *See, e.g., Burger King Corp*, 471 U.S. at 474 ("[T]he Court has consistently held that this kind of foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction."). Rather, foreseeability relates to whether the defendant would "reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp.*, 444 U.S. at 297. For claims arising out of a contract such as this one, a defendant's minimum contacts with the forum state

would mean that the defendant should anticipate being haled into court there because the defendant has purposefully availed itself of the privilege of doing business in the state. *Id.* The Seventh Circuit, following Supreme Court precedent, has stated that for contract purposes, minimum contacts must be established taking a "highly realistic" approach; the court must "take into account prior negotiations, contemplated future consequences, the terms of the contract and the parties' course of actual dealing with each other." *Purdue Research Found.*, 338 F.3d at 781 (citing *Burger King Corp.*, 471 U.S. at 478–79). Thus, Plaintiffs must make a prima facie showing of minimum contacts based on Economical's contractual dealings with J&R and the other Defendant insurance companies.

Economical asserts that "[a] foreign insurer does not purposefully avail itself of conducting business within a single state just by issuing an insurance policy with a coverage territory that includes the United States." [Dkt. 84 at 5 n.3.] Citing Ninth Circuit precedent, Economical claims that while "an insurer purposefully avails itself of a state when '[i]ts policy coverage extends into [the state] and an "insured event" occurs there,'" Economical was not insuring J&R at the time of the vehicular collision. [*Id.* (quoting *Farmers Ins. Exch. v. Portage La Prarie Mut. Ins. Co.*, 907 F.2d 911, 913 (9th Cir. 1990))]. According to Economical, "the auto involved in the accident was removed from coverage under Economical's Policy before the accident" and J&R was insured by another company at the time of the vehicular collision. [Dkt. 84 at 5–6 n.3.] Because this is a Rule 12(b)(2) motion, any conflict in factual allegations must be resolved in favor of the Plaintiffs as the non-moving parties. *Purdue Research Found.*, 338 F.3d at 782. Plaintiff's Amended Complaint states that J&R and its employee Sangra were insured by Economical. [Dkt. 22 at 2.] The accident occurred on December 29, 2016 [Dkt. 22 at 2], and Plaintiff Michael Leech, Jr., offered a policy statement issued by Economical to J&R as an

11

exhibit [Dkt. 22-2]. The policy statement states that it is effective from June 30, 2016, to June 20, 2017, showing that J&R was insured by Economical at the time of the vehicular collision. [Dkt. 22-2 at 1.]

For the purposes of this Motion, the Court must resolve this conflict in factual allegations in favor of Plaintiffs, meaning that the Court must decide this Motion as if Economical was insuring J&R and Sangra at the time of the underlying accident. This means that if Economical has purposefully availed itself of doing business in Indiana, it must stem from its insurance policy with J&R and Sangra. Economical cites Florida and Pennsylvania state court cases in support of its assertion that issuing a policy with a coverage territory of the United States is insufficient to establish minimum contacts. [*See* Dkt. 84 at 6.] Insurance companies typically agree to indemnify and represent their clients in court if they are sued over anything involving their insurance policy. However, the issue of whether these insurance companies are amenable to suits themselves for claims in state court arising out of the underlying suit is a different analysis, and the federal circuit courts have approached it with largely the same analysis but with different results due to different fact patterns. While Economical is correct in stating that Plaintiffs "conflate issues of coverage with issues of personal jurisdiction" in their briefs [Dkt. 84 at 5 n.3], there is no singular answer to the issue, parties point to no Seventh Circuit authority, and the Court is unaware of any controlling authority in this particular situation.

In the D.C. Circuit, the court found that D.C. courts could exercise jurisdiction over a drug manufacturer's insurers for claims arising out of a suit brought against the drug manufacturer by plaintiffs whose daughters had developed cancer in connection to one of the manufacturer's drugs made for pregnant women. *Eli Lilly & Co.*, 794 F.2d at 712–13. The insurers had issued policies to Eli Lilly that provided for indemnity and representation in any

state in the country if Eli Lilly was sued in relation to its policy coverage. *Id.* The court, relying largely on foreseeability, ruled that the insurers could be amenable to suit in any state where Eli Lilly also conducted business related to the insurance policy. *Id.* at 720–21.

In a similar fact pattern to the present case, the Fourth Circuit ruled that an Illinois insurance company could be held amenable to suit in Virginia following an auto accident in Virginia that resulted in injuries to one Virginia woman and the death of another Virginia woman. *Rossman v. State Farm Mut. Auto. Ins. Co.*, 832 F.2d 282 (4th Cir. 1987). On appeal, State Farm challenged the district court's exercise of personal jurisdiction over the insurance company in the plaintiffs' declaratory judgment action to determine the rights and obligations of the involved insurance carriers. *Id.* at 284. The Fourth Circuit upheld the district court's jurisdiction, saying that State Farm intentionally marketed a national auto insurance policy to make it more appealing and that State Farm could have foreseen being haled into court in any state where an insured held a State Farm policy. *Id.* at 286–87. Because the underlying accident occurred in Virginia and therefore the insured was liable to suit where the underlying accident occurred, State Farm could be held liable in Virginia where it had to defend its insured. *Id.*

In the Ninth Circuit, a California insurance company Farmers Insurance Exchange brought suit in a Montana federal court against Canadian insurance company Portage La Prairie Mutual Insurance Company for an insurance breach of contract dispute. *Farmers Ins. Exch.*, 907 F.2d at 912. The Canadian insurance company appealed the district court's exercise of personal jurisdiction over it as a defendant, arguing that the court may not exercise jurisdiction over the Canadian company because its only contacts with Montana stemmed from its issuance of the insurance policy to one of the drivers involved in the underlying auto accident. *Id.* The Ninth Circuit upheld the district court's jurisdiction, finding that the dispute between the two insurance

companies arose out of each company's agreement to defend injuries in any state, including Montana, that it was foreseeable that Portage would be haled into court in any state, and that it was reasonable under the Ninth Circuit's personal jurisdiction factor test to adjudicate a dispute between the two insurance companies. *Id.* at 912–15.

The Tenth Circuit has been more hesitant to rely heavily upon foreseeability when it comes to holding an insurance company amenable to suit in any state in which it agrees to defend an insured. In *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, OMI Holdings, an Iowa corporation with its principal place of business in Minnesota, sued several insurance companies over the insurance companies' refusal to defend OMI Holdings in an underlying patent suit. 149 F.3d 1086, 1089–90 (10th Cir. 1998). Two of the Canadian insurance companies appealed the Kansas district court's exercise of personal jurisdiction. The Tenth Circuit disagreed with the other circuit courts' analysis by finding that minimum contacts had been established for the purposes of personal jurisdiction but that such an exercise of jurisdiction violated the Due Process Clause. *Id.* at 1090. According to the Tenth Circuit, other circuit courts relied too heavily on foreseeability; while it may be foreseeable for an insurance company to be haled into any state's court where the insurance company has agreed to defend an insured, it does not mean that the insurance company has agreed to subject itself to suit in any state as a result of issuing those insurance policies. *Id.* at 1095. Instead, the Tenth Circuit relied upon the Supreme Court's factor test set forth in *Burger King Corp. v. Rudzewicz*, finding that OMI Holdings offered insufficient evidence to outweigh Canada's interest in adjudicating this suit over its domestic insurance companies. *Id.* at 1096–98.

The Eighth Circuit returned to the arguments set forth by other circuit courts of appeals in finding that the District Court for the Western District of Arkansas could exercise personal

jurisdiction over a Wisconsin insurance company. *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786 (8th Cir. 2005). In an action by a creditor seeking to enforce a judgment against West Bend Mutual Insurance Company as the commercial general liability insurer for a company that had sold faulty manufactured farming tools, the Eighth Circuit stated that West Bend's insurance policy's territory-of-coverage clause, which included the whole country, established minimum contacts, and the district court did not violate West Bend's due process rights by exercising personal jurisdiction for reasons of foreseeability and appropriateness of the litigating forum. *Id.* at 790–91. West Bend relied on the Tenth Circuit's argument in *OMI Holdings* in asserting that the district court could not exercise jurisdiction over it, and in response, the Eighth Circuit stated that the Tenth Circuit's analysis concluding that such an exercise of personal jurisdiction violated the Due Process Clause was limited to the facts of that case. *Id.* at 791.

In the Eleventh Circuit, the question was presented on appeal "whether a forum state . . . can properly exercise personal jurisdiction over an insurer . . . whose only relevant contacts with the forum are (1) the inclusion of the forum state within the covered territory of the insurer's policy and (2) the occurrence of the relevant accident in the forum state." *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005), *abrogation on other grounds recognized by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249 (11th Cir. 2010). The court held that the District Court for the Northern District of Georgia had properly exercised jurisdiction over a Michigan insurance company, explicitly stating its agreement with the other circuit courts of appeals in the cases previously mentioned here. *Id.* According to the court, "not only was it foreseeable that [the insurer] might be sued in Georgia in connection with an accident in Georgia covered by its policy, but the 'expectation of being haled into court in a foreign state is an express feature of its policy.'" *Id.* at 1215 (quoting *Rossman*, 832 F.2d at 456).

15

In the present case, the Court agrees with the majority of federal circuit courts in finding that minimum contacts have been established by Economical's territory-of-coverage clause in its contract with J&R. In its insurance policy issued to J&R, Economical states that:

> 1.2 Where You Are Covered
>
> This policy covers you and other insured persons for accidents occurring in Canada, the United States of America and any other jurisdiction designated in the Statutory Accident Benefits Schedule, and on a vessel travelling between ports of those countries. All of the dollar limits described in this policy are in Canadian funds.

[Dkt. 80-2 at 23.] While Section 1.2 sets out the territory-of-coverage clause, Section 3.3.1 sets out the policy's liability coverage where Economical agrees to defend J&R in jurisdictions covered by the territory-of-coverage clause:

> 3.3.1 If Someone Sues You
>
> By accepting this policy you and other insured persons irrevocably appoint us to act on your or their behalf in any lawsuit against you or them in Canada, the United States of America or any other jurisdiction designated in the Statutory Accident Benefits Schedule arising out of the ownership, use or operation of the automobile.

[Dkt. 80-2 at 40.] On the next page, Economical states that it will "provide a defence and cover the costs of that defence" for any suit arising out of Section 3.3.1. [Dkt. 80-2 at 41.] Section 1.2 is substantively the same sort of territory-of-coverage clause that other circuits have found established minimum contacts with the adjudicating District Court for the purposes of personal jurisdiction. Economical is in the business of insuring trucking companies involved in interstate commerce, and it agreed to defend J&R if J&R were sued in any state's court as the suit relates to the insurance policy. While Economical may not have expressly agreed to be haled into any state's court in connection with the insurance policy, it is still foreseeable that Economical would have to act on the insured's behalf in any court in the United States.

Because in this case the underlying suit involves J&R as the defendant in an action arising out of an automobile accident in Indiana, Economical would have to litigate in the Southern District of Indiana pursuant to its agreement with J&R. Economical agreed to litigate on behalf of J&R in Indiana under Section 3.3.1, it purposefully issued a policy that included coverage in Indiana under Section 1.2, and it profited from having a broad territory-of-coverage clause in its agreement with J&R. [*See generally* Dkt. 80-2.] Therefore, Plaintiffs have made a prima facie showing of Economical establishing minimum contacts with Indiana as the forum state.

### 2. Due Process Clause

The second step of the specific jurisdiction inquiry involves a determination of whether the district court would violate Economical's due process rights if the Court exercised personal jurisdiction over Economical as a defendant. According to the Supreme Court, "[o]nce it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476 (citing *Int'l Shoe Co.*, 326 U.S. at 320). The Supreme Court has set forth a factor test to help evaluate whether a defendant's due process rights would be violated by an assertion of personal jurisdiction. *Id.* For the second step of the specific jurisdiction inquiry, a court may consider "'the burden on the defendant,' 'the forum State's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and the 'shared interest of the several States in furthering fundamental substantive social policies.'" *Id.* at 477 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 292). In weighing these factors, the

goal is to ensure that "jurisdictional rules [are] not [] employed in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage' in comparison to his opponent." *Id.* at 478 (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1978)). Each of the *Burger King Corp.* factors will be considered individually.

The burden on Economical in defending itself in the District Court for the Southern District of Indiana is small. Economical has already agreed to provide a defense to J&R in any state in the United States, and regardless of how this Court decides this Motion to Dismiss, the policy appears to obligate Economical to provide a defense to J&R in the underlying suit in Indiana. While Economical is a Canadian company, several other circuit courts of appeals have found it constitutional to hold a foreign insurance company amenable to suit in any state that its own territory-of-coverage clause reaches. Because Economical is already obligated by the policy to provide a defense to J&R in Indiana due to the underlying suit, its burden to litigate on its own behalf here is not great.

Indiana has a great interest in adjudicating this dispute. The underlying automobile accident occurred in Indiana, and the insurance dispute arising out of that automobile accident should be decided in the same forum state. In the interest of judicial efficiency, this declaratory judgment action should be litigated in the same state as the underlying automobile accident giving rise to the insurance dispute.

Plaintiffs have a great interest in litigating this dispute in the same state the automobile accident occurred. Evidence relating to the automobile accident between Michael Jay Leech, Sr., and Sangra may be relevant to this action involving the several insurance companies. In addition, for the same reasons outlined by Defendant Intact for joining Plaintiff Debbie Marshall, litigating

18

this action in another forum like Canada may result in inconsistent outcomes and the potential for relitigated issues. [*See* Dkt. 27 at 4.]

For the reasons given for why Indiana has an interest in adjudicating this dispute, the interstate judicial system also has an interest in this action remaining in Indiana. This action and all of its related controversies may be efficiently litigated and adjudicated if this action remains in Indiana. Given the diverse nature of the Defendants, it is difficult to imagine any forum other than the location of the accident in which the various insurance companies might be brought together to adjudicate their respective obligations.

While there are no substantive social policies explicitly at work in this Motion to Dismiss, the collective states do have an interest in litigating insurance disputes in the same state where the underlying accident triggering the several insurance provisions occurs. For the same reasons given in the interest of judicial efficiency, the states share the interest in keeping this declaratory action in the same state as the other related actions.

Finally, if the goal of this factor test is to ensure no party is unfairly disadvantaged by the chosen forum, then denying Economical's Motion to Dismiss ultimately supports that goal. First, Economical established minimum contacts by issuing insurance policies with broad territory-of-coverage clauses to interstate truckers in the interest of increasing its business. Second, pursuant to its agreement with J&R, Economical inevitably has to litigate in Indiana in order to fulfill its obligations to J&R and defend J&R in the underlying suit. In addition, every factor weighs in favor of this action remaining in Indiana so the Court may determine the liability of each insurance company involved in the underlying automobile accident.

## V. Conclusion

Based on the foregoing, the Court finds that it may exercise specific personal jurisdiction over Economical in Indiana. As such, the Magistrate Judge recommends *Economical Mutual Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint for Declaratory Judgment* [Dkt. 59] be **DENIED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 7 AUG 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.